IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00244-MR

MARQUIS DECHANE HARRISON,   )
                            )
            Plaintiff,      )
                            )
vs.                         )
                            )
BRANDON NICHOLSON,          )           **ORDER**
                            )
            Defendant.      )
_____ )

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 10]. Plaintiff is proceeding *in forma pauperis*. [Doc. 9].

**I.    BACKGROUND**

*Pro se* Plaintiff, who is presently incarcerated at the Bertie Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 about incidents that allegedly occurred while he was a pretrial detainee at the Henderson County Detention Center (HCDC). Plaintiff's Complaint [Doc. 1] was incomplete and Plaintiff was granted the opportunity to amend. [Doc. 7]. The Amended Complaint is now before the Court for initial review.

Plaintiff names as the sole Defendant Brandon Nicholson, a correctional officer at HCDC.[1]

Plaintiff alleges that, on October 28, 2017, Defendant Nicholson approached him in the shower, choked, him, slammed him to the floor, and beat him for several minutes while two unnamed officers watched.[2] Plaintiff alleges that he suffered abrasions and swelling to the left side of his face, a black eye, and severe mental trauma. Plaintiff seeks compensatory damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see

---

[1] Plaintiff previously filed a § 1983 lawsuit against Defendant Nicholson which was dismissed without prejudice for failure to exhaust administrative remedies, Civil Case No. 1:17-cv-00308-FDW.

[2] It does not appear that Plaintiff is seeking to proceed against the unnamed correctional officers. Even if he intended to do so, any claims against them cannot proceed at this time as he has not named them as Defendants. See Fed. R. Civ. P. 10(a) (requiring that the title of the complaint name all parties); see, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).

2

Case 1:20-cv-00244-MR   Document 11   Filed 10/20/20   Page 2 of 4

28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against

him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015).

Plaintiff has plausibly alleged that Defendant Nicholson used objectively unreasonable force against him and this claim appears to be timely. Therefore, the Amended Complaint will be permitted to pass initial review.

## IV. CONCLUSION

In sum, Plaintiff's excessive force claim will pass initial review against Defendant Nicholson.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on Defendant Nicholson. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant Nicholson. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

**IT IS SO ORDERED**.

Signed: October 19, 2020

Martin Reidinger
Chief United States District Judge

4

Case 1:20-cv-00244-MR   Document 11   Filed 10/20/20   Page 4 of 4