IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00244-MR

| | |
|---|---|
| MARQUIS DECHANE HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BRANDON NICHOLSON, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Letter [Doc. 21].

The incarcerated Plaintiff, who is proceeding *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 with regards to the alleged use of excessive force at the Henderson County Detention Center. The Amended Complaint passed initial review [Doc. 11], and a Pretrial Order and Case Management Plan set the discovery cutoff date as April 5, 2021 [Doc. 17].

In his Letter, the Plaintiff asserts that he is having trouble "being put under oath" so that he can answer the Defendant's interrogatories. [Doc. 21 at 1]. He seeks an extension of time for an unspecified period so that he can have his interrogatory answer notarized. Alternatively, he asks the Court to

accept his interrogatory answers or to order Bertie Correctional Institution, where he is presently incarcerated, to have him placed under oath.

The Federal Rules of Civil Procedure provide that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing **under oath**." Fed. R. Civ. P. 33(b)(3) (emphasis added). However, matters required to be made under oath may be signed under penalty of perjury in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746(2).

The Plaintiff's request for an extension of time is too vague to support relief insofar as he fails to state when his interrogatory response is due, or how much additional time is needed. Moreover, his request is moot because no notarization or oath is required pursuant to § 1746.

**IT IS, THEREFORE, ORDERED** that Plaintiff's *pro se* Letter [Doc. 21] is construed as a Motion for Extension of Time and is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 16, 2021

Martin Reidinger
Chief United States District Judge