IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00244-MR

| | |
|---|---|
| MARQUIS DECHANE HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BRANDON NICHOLSON, ) | ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Request for Deposition by Oral Examination [Doc. 25], Motions for an Order Compelling Discovery [Docs. 25-1, 30], and Motion for Appointment of Counsel [Doc. 29].

**I.    BACKGROUND**

The incarcerated *pro se* Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant Brandon Nicholson, an officer at the Henderson County Jail, used excessive force against him on October 28, 2017.  The Amended Complaint survived initial review.  [Docs. 10, 11].  On December 7, 2020, the Court entered a Pretrial Order and Case Management Plan setting the discovery cutoff date as April 5, 2021 and the deadline for filing dispositive motions as May 5, 2021.  [Doc. 17].

Several *pro se* Motions are presently pending. The Plaintiff filed a Request for Deposition by Oral Examination and a Motion for an Order Compelling Discovery, both of which were docketed on March 12, 2021. [Doc. 25]. He filed another Motion for an Order Compelling Discovery [Doc. 30] and a Motion to Appoint Counsel [Doc. 29], both of which were stamped by the prison on April 9, 2021 and docketed on April 14, 2021, after the discovery cutoff date.[1]

In the Request for Deposition by Oral Examination, the Plaintiff alleges that the Defendant "tailored" his Interrogatory response "for the betterment of their[2] position" and lied by claiming that he has no knowledge of the incident and by denying the existence of video footage. [Doc. 25 at 3]. The Plaintiff therefore seeks "an oral deposition by remote means recorded via video or deposition by video conference" which the Plaintiff states he will arrange. [Id. at 3-4].

In the first Motion for an Order Compelling Discovery, the Plaintiff asks the Court to compel the Defendant to produce video footage of the incident,

---

[1] The Plaintiff does not receive the benefit of the prisoner mailbox rule for any of these Motions because he does not certify the date on which he delivered it to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[2] It is unclear to whom this refers, as there is only one Defendant in this case.

which the Plaintiff requested on January 26, 2020. [Doc. 25-1]. The Plaintiff argues that the Defendant's assertion that no such video exists is untrue because documents that the Plaintiff obtained in discovery indicate that such video was reviewed in response to the Plaintiff's grievances regarding the incident. The Plaintiff has filed grievance documents authored by Lieutenant Warren L. Bradley and Captain Todd W. McCrain of the Henderson County Sheriff's Office referring to video footage of the October 28, 2017 incident. [Doc. 25-2 at 2; 25-3 at 2].

In the second Motion for an Order Compelling Discovery, the Plaintiff again requests to inspect and copy the unedited video footage. [Doc. 30 at 1]. The Plaintiff alleges that Defendant Nicholson brought a video to the deposition, but that the video "skipped several times, indicating that it has been edited." [Id. at 1-2]. The Plaintiff contends that "actual video footage of the attack" exists that would show other officers were present and watched the incident. [Id. at 2]. The Plaintiff asks the Court to compel the Defendant to produce the entire original unedited video and to sanction the Defendant for tampering with evidence and for failing to produce it. [Id.].

In his Motion for Appointment of Counsel, the Plaintiff asserts that: a trial has been set;[3] the issues in the case are complex; the Plaintiff's imprisonment greatly limits his ability to "navigate through trial;" a trial will likely involve conflicting testimony that counsel would be better able to present; and the Plaintiff has limited access to a law library and limited knowledge of the law. [Doc. 29 at 1].

Defendant Nicholson has filed Responses to the discovery Motions. [Docs. 28, 31]. As to the Plaintiff's deposition request, counsel for Defendant Nicholson agrees to make available whomever the Plaintiff wishes to depose by remote means. As to the Plaintiff's Motions to Compel, counsel for Defendant Nicholson asserts that he informed the Plaintiff in the discovery responses that a video is available but that a Court order was needed under North Carolina law, N.C. Gen. Stat. § 132-1.4A to produce the video. Counsel for Defendant Nicholson asserts that he provided the Plaintiff a proposed protective order and a self-addressed stamped return envelope for the Plaintiff to return the signed protective order.[4] Rather than signing and returning the proposed protective order or returning it with edits, however,

---

[3] The Plaintiff is mistaken; the case is not ripe for trial and no trial date has been scheduled.

[4] Defendant Nicholson states that he will file a Motion for Protective Order and produce the video to the Plaintiff upon receipt of the signed protective order. [Doc. 31 at 1].

4

the Plaintiff filed a Motion to Compel. Counsel for Defendant Nicholson notes that a "significant portion" of the video was played for the Plaintiff's during his March 30, 2021 deposition. [Doc. 28 at 2]. Defendant Nicholson further asserts that there are no video cameras in the shower, where the incident occurred, due to privacy concerns. [Doc. 31 at 2].

The Plaintiff has not replied and the time to do so has expired.

**II.    DISCUSSION**

The Court will first address the Plaintiff's request for the appointment of counsel. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel, and therefore, this request is denied.

Second, the Plaintiff seeks to compel depositions and the production of video footage. The Plaintiff does not certify that he attempted in good faith to resolve the discovery disputes before engaging the Court's assistance as required by Federal Rule of Civil Procedure 37(a)(1). <u>See</u> <u>also</u> LCvR 7.1(b) (this Court's local civil rules require that a non-dispositive civil motion "must

show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). Furthermore, Defendant Nicholson indicated in his Response, to which the Plaintiff did not reply, that counsel is willing to facilitate the Plaintiff's requests for depositions and video footage, but that the Plaintiff has failed to take the required actions to obtain the same. Further, to the extent that the Plaintiff seeks video footage from the incidents inside the shower, defense counsel explains that no such video exists. The Plaintiff's Motion to Compel as to that matter is therefore moot. Moreover, the Plaintiff's Motion with regard to depositions is too vague to support relief because the Plaintiff failed to identify the individuals whom he seeks to depose; therefore, that Motion is denied. The Plaintiff's request for sanctions is likewise denied because he has failed to demonstrate that any basis for imposing sanctions against the Defendant exists.

The Court further notes that the discovery deadline has now expired, the Plaintiff has not sought an extension of the discovery deadline, and no good cause for an extension is apparent from the Plaintiff's Motions. See generally Fed. R. Civ. P. 6 (in general, the court may extend time for good cause: (a) with or without a motion or notice if the court acts, or if a request

is made, before the original time or its extension expires; or (b) on motion made after the time has expired if the party failed to act because of excusable neglect); Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent.").

In sum, the Plaintiff's discovery motions are denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Request for Deposition by Oral Examination [Doc. 25], Motions for an Order Compelling Discovery [Docs. 25-1, 30], and Motion for the Appointment of Counsel [Doc. 29] are **DENIED**.

**IT IS SO ORDERED**.

Signed: May 26, 2021

Martin Reidinger
Chief United States District Judge