IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00244-MR

| | |
|---|---|
| MARQUIS DECHANE HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BRANDON NICHOLSON, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Motion for Appointment of Counsel [Doc. 44], Motion for an Order Compelling Discovery [Doc. 45], Request for Deposition by Oral Examination [Doc. 46], and Memorandum of Law in Response to Defendant's Opposition to Summary Judgment [Doc. 47].

The incarcerated Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was a pretrial detainee at the Henderson County Detention Center. The Amended Complaint passed initial review against the sole Defendant, Brandon Nicholson, for the use of excessive force. [Doc. 10: Am. Compl.; Doc. 11: Order on Initial Review]. The Defendant filed a Motion for Summary

Judgment which was denied on August 9, 2021, and the matter has been referred to a magistrate judge for a judicial settlement conference. [Doc. 43].

The Plaintiff has filed several *pro se* filings that are presently before the Court for consideration. They are all dated August 5, 2021, but they do not indicate the date on which the Plaintiff delivered them to prison authorities for mailing.[1] The envelopes were stamped by the prison on August 11, 2021, and they were received by the Court on August 17, 2021.

First, the Plaintiff asks the Court to appoint him counsel. [Doc. 44]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel, and therefore, his Motion for Appointment of Counsel is denied.

The pending Motions and Memorandum that the Plaintiff has filed are either wholly or partially duplicative of prior filings. [See Docs. 20, 20-2, 30].

---

[1] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

They are therefore stricken.[2] The Plaintiff is cautioned that further duplicative or frivolous filings will be stricken without notice and may result in the imposition of sanctions.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel [Doc. 44] is **DENIED**.

2. Plaintiff's Motion for an Order Compelling Discovery [Doc. 45], Request for Deposition by Oral Examination [Doc. 46], and Memorandum of Law in Response to Defendant's Opposition to Summary Judgment [Doc. 47] are **STRICKEN**.

3. The Plaintiff is cautioned that further duplicative or frivolous filings will be stricken without further notice, and may result in the imposition of sanctions.

**IT IS SO ORDERED**.

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge

---

[2] These filings are also moot insofar as the Plaintiff opposes the Defendant's Motion for Summary Judgment, which already has been denied. [Doc. 43].

3

Case 1:20-cv-00244-MR   Document 50   Filed 09/07/21   Page 3 of 3